**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

CARLDTON WILLIS,                    )
                                    )
        Petitioner,                 )
                                    )
v.                                  )        Case No. CIV-26-633-JD
                                    )
JUSTIN FARRIS,                      )
                                    )
        Respondent.                 )

**REPORT AND RECOMMENDATION**

Petitioner Carldton Willis, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging his state court sentence in case number CF-2005-3825, in the District Court of Oklahoma County, Oklahoma.  Doc. 1.[1] Upon the Court's order to cure, Petitioner then filed an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Amended Petition"), Doc. 19, and supporting brief, Doc. 20.[2]  United States District Judge Jodi W. Dishman referred this matter to the

---

[1] Page citations refer to the pagination of the Court's electronic case filing system.

[2] After review of the original petition and additional documents related to the original petition, the Court informed Petitioner it "will not sort through four separate documents and their attachments to piece together Petitioner's claims." Doc. 11 at 1.  Petitioner was given the options of either (1) filing an amended petition or (2) informing the Court he wished to proceed only with the original petition, Doc. 1.  *Id*.  Petitioner was warned that, should he choose to file an amended petition, it would "become the operative petition" and the Court would not consider information contained in the earlier documents, but would "only consider the claims and allegations in the amended petition." *Id*. at 2.  Accordingly, though Petitioner has filed numerous notices of supplemental evidence and arguments, the undersigned has not considered them in screening the Amended Petition.  *See* Docs. 21, 22, 25, 26, 29, 31, 32.

undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss the Amended Petition with prejudice as time-barred.

Petitioner has also filed numerous motions.  Docs. 8, 17, 23, 24, 27, 28, 30. Adoption of this Report and Recommendation would moot all of the pending motions.

I.      **Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court promptly to conduct a preliminary review of habeas petitions.  A petition should be dismissed "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.* (citation modified).  Further, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).  The Court may sua sponte consider timeliness only if "untimeliness is clear from the face of the petition."  *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008).  And "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."  *Day*, 547 U.S. at 210.  This Report and Recommendation provides sufficient notice to Petitioner, who can present his position by filing timely any objection to this Report and Recommendation.  *See, e.g.*, *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009) (affirming a district court's sua sponte dismissal of a habeas petition for failure to exhaust state-court remedies where failure was "clear from the face of his petition" and the district court "abided" by *Day*'s requirement

for giving the parties fair notice and opportunity to present their positions by giving petitioner "an opportunity to respond" before ruling).

## II.    Background

On November 21, 2007, the District Court of Oklahoma County held a hearing at which Petitioner entered guilty pleas to three criminal counts in case number CF-2005-3825.  Doc. 19-2 at 1-11 (Ex. A).  Petitioner, his counsel, the Assistant District Attorney, and the Oklahoma County trial judge discussed (1) that the charged crimes were "85 percent crimes"; (2) the plea agreement that his sentence would be for "50, 25 in and 25 out"; and (3) his multiple prior convictions.  *Id.* at 3-8 (Ex. A).  At the hearing, Petitioner was sentenced to three 50-year terms "to be suspended, except for the first twenty-five (25) years in the custody and control of Oklahoma Department of Corrections, the remainder to be suspended pursuant to the rules and conditions of probation entered by the Court."  *Id.* at 12 (Ex. A1).  On the day of the hearing, the Assistant District Attorney moved for a waiver of the statutory prohibition of imposing a suspended sentence in certain instances, which the trial judge granted.  *Id.* at 19 (Ex. E); *see also* Okla. Stat. tit. 22, § 991a(C).  The motion specified the state's request to waive the prohibition on suspended sentences was "pursuant only to the plea agreement of 25 in/25 out."  Doc. 19-2 at 19 (Ex. E).

Petitioner did not timely move to withdraw his guilty plea.  On April 13, 2009, Petitioner filed a pro se application for appeal out of time, and on April 23, 2009, a pro se application for postconviction relief.  *Id.* at 90 (Ex. I1).  On July 29, 2009, the district court denied relief; on October 22, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial.  *Id.* at 89-96, 97-101 (Exs. I1, I2); *see also* online dockets for case

3

numbers CF-2005-3825 in the District Court of Oklahoma County and PC-2009-723 in the OCCA.[3]

Fast forward to October 2025:  between October 14, 2025, and January 28, 2026, Petitioner "filed approximately eighty-five (85) related post-conviction filings," plus "an additional nine (9) pleadings" before February 24, 2026.  Doc. 19-2 at 56 (Ex. V3); *see also id.* at 28-29 (Ex. H).  On February 24, 2026, the Oklahoma County district court denied relief; and on March 24, 2026, the OCCA dismissed Petitioner's related pro se request for a writ of mandamus on the grounds that "the District Court fully adjudicated Petitioner's complaints regarding the pending matters in this case."  *Id.* at 55-57, 70 (Exs. V3, 10); *see also* online dockets for case numbers CF-2005-3825 in the District Court of Oklahoma County and MA-2025-957 in the OCCA.  On April 10, 2026, the OCCA also denied Petitioner's motion for rehearing.  Doc. 19-2 at 67-69 (Ex. 9); *see also* online dockets for case numbers CF-2005-3825 in the District Court of Oklahoma County and MA-2025-957 in the OCCA.

On March 23, 2026, Petitioner filed a petition for writ of mandamus and/or prohibition.  Doc. 19 at 4; Doc. 19-2 at 74 (Ex. 1).  On April 15, 2026, the OCCA declined jurisdiction on procedural grounds.  Doc. 19-2 at 75 (Ex. 2); *see also* online dockets for

---

[3] The undersigned takes judicial notice of the online docket report and documents filed in Petitioner's state criminal proceedings, available at www.oscn.net/dockets.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

case numbers CF-2005-3825 in the District Court of Oklahoma County and MA-2026-192 in the OCCA.

III.    **Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners are given one year to file a federal petition for habeas corpus, starting from the latest of four possible triggers. As relevant here, Petitioner's clock was started by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**A.    28 U.S.C. § 2244(d)(1)(A)**

After Petitioner entered his guilty plea, the Oklahoma County district court held a sentencing hearing on November 21, 2007, and entered a judgment and sentence that day. Doc. 19-2 at 1-11, 12-13, 16 (Exs. A, A1, C). Because Petitioner did not move to withdraw his guilty plea, the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" ten days after it was entered. *See Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *4 (10th Cir. Jan. 12, 2024) (explaining the process and timing for an Oklahoma defendant to seek direct review from a guilty plea); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (determining the defendant's convictions became final for purposes of § 2244(d)(1)(A) after ten days when the defendant did not move to withdraw his guilty plea within ten days after entry of judgment and sentence). Ten days after November 21, 2007, was December 1, 2007. As this date was a Saturday, Petitioner's conviction became final on December 3, 2007. Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

5

Petitioner's one-year clock under § 2244(d)(1)(A) began running the next day, and Petitioner did not file an application for state postconviction relief during that time to toll the clock by statute. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) ("The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" (quoting 28 U.S.C. § 2244(d)(2))). Accordingly, under § 2244(d)(1)(A), Petitioner's federal habeas petition was due by December 4, 2008. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing time calculation for purposes of AEDPA); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (same). Because the original petition was not filed until March 27, 2026, it was not timely filed.

## B.    Petitioner's assertions of timeliness

Petitioner asserts his Amended Petition is timely under 28 U.S.C. § 2244(d)(1)(B) and (D). Doc. 19 at 13. For ease of understanding his arguments, the undersigned explains Petitioner's assertions, then considers subsection (D) and then subsection (B).

### 1.    Extrinsic fraud

As relevant to his assertions of timeliness, Petitioner challenges his state sentence on the grounds that it was "void at its inception" because Oklahoma law statutorily prohibits a suspended sentence for a defendant with two or more prior felonies. *Id.* at 5-7; *see also* Doc. 20 at 2. Petitioner claims the State "attempt[ed] to 'cure' this illegal sentence with a 'Waiver of Statutory Prohibition' (Exhibit E) filed on December 3, 2007, which falsely claims the hearing was held 'with all parties present in open court.'" Doc. 20 at 2. Petitioner argues he had been returned to prison by December 3, 2007, and, therefore, could

not have been in "open court" on that date. *Id*. He asserts the Waiver of Statutory Prohibition was fraudulently backdated to November 21, 2007, *id.*, and generally references these allegations as "extrinsic fraud," *see, e.g., id.* at 1.

Based on these allegations, Petitioner asserts his Amended Petition is timely because the factual predicate for Ground One was "the forensic discovery of the backdated 'Waiver of [Statutory Prohibition],'"[4] which "could not have been discovered through due diligence until 2026." Doc. 19 at 13. Petitioner's arguments are unavailing.

### a.    28 U.S.C. § 2244(d)(1)(D)

Under this subsection, the one-year clock begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner alleges backdating of the State's Motion for Waiver of Statutory Prohibition of Imposing Suspended Sentence Pursuant to Title 22 § 991(a)(C). A copy of that document, included as an exhibit to the Amended Petition, is signed and dated by the Assistant District Attorney and the trial judge on November 21, 2007. Doc. 19-2 at 19 (Ex. E). It is also stamped "FILED IN THE DISTRICT COURT OKLAHOMA COUNTY, OKLA" with the date of November 21, 2007. *Id.* And the docket shows the document is dated November 21, 2007. *Id.* at 16 (Ex. C); *see also* online docket for case number CF-2005-3825 in the District Court of Oklahoma County.

---

[4] In this instance, Petitioner references a "Waiver of Extradition." Doc. 19 at 13. But given Petitioner's assertions in the remainder of the Amended Petition and supporting brief, the undersigned understands the reference to be to the Waiver of Statutory Prohibition.

7

In support of his extrinsic fraud theory, Petitioner points to (1) the secondary date of December 3, 2007, highlighted on the image below and (2) a "41,410 Gap" in docket sequence numbers that he alleges "confirm[s] that the waiver was inserted out of chronological order."  Doc. 20 at 3 (citing Doc. 19-2 at 16 (Ex. C)).  Petitioner appears to rely on the number highlighted in the image below (52693270) and argues it is 41,410 digits greater than the corresponding number in the previous docket entry (52641860).  Doc. 19-2 at 16 (Ex. C).

Court documents are not always filed in a case management system the same day they are executed.  It would not be surprising if court staff physically filed documents in a case management system days after they are file-stamped in court when executed by the parties and judge.  Here, the State's Motion for Waiver of Statutory Prohibition of Imposing Suspended Sentence Pursuant to Title 22 § 991(a)(C) indicates it was executed and filed on November 21, 2007.  Petitioner offers no authority for his conclusion that either the secondary date or a "gap" in digits evidences the document was created on December 3, 2007 (when Petitioner asserts he was in custody and "could not have been in 'open court,'" Doc. 20 at 2), and fraudulently backdated to November 21, 2007 (the date of Petitioner's hearing before the District Court of Oklahoma County).  And the "gaps" between the digits vary in size.  Further, even if there were proof the motion or its filing had been fraudulently backdated, Petitioner fails to explain how he was unable to obtain "forensic discovery" of such backdating "until 2026."  Doc. 19 at 13.

Notably, on Petitioner's docket sheet, none of the docket entries listed on November 21, 2007, has a corresponding secondary date of November 21, 2007.  *See* Doc. 19-2 at 16 (Ex. C).  For example, Petitioner's docket sheet shows his Plea of Guilty with a docket entry on November 21, 2007, but a secondary date of December 3, 2007.  Petitioner, though, does not contest his guilty plea occurred on November 21, 2007.  He even attaches a copy of the plea and sentencing transcript from that day, when he acknowledged to the trial judge that he was entering "a plea agreement for a 50, 25 in and 25 out."  Doc. 19-2 at 5 (Ex. A).  Petitioner's plea agreement and his discussion of its terms with the trial judge on November 21, 2007, corresponded with—and would not have

9

been possible without—a contemporaneous Motion for Waiver of Statutory Prohibition of Imposing Suspended Sentence Pursuant to Title 22 § 991(a)(C).

The undersigned finds (1) the Motion for Waiver of Statutory Prohibition of Imposing Suspended Sentence Pursuant to Title 22 § 991(a)(C) was signed, dated, and filed on November 21, 2007, and (2) therefore, there is no backdating to have been discovered. Accordingly, the undersigned is not persuaded by Petitioner's assertion that his Amended Petition is timely under § 2244(d)(1)(D) based on his theory of extrinsic fraud.

### b.    28 U.S.C. § 2244(d)(1)(B)

Under this subsection, the one-year clock begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."    28 U.S.C. § 2244(d)(1)(B).    Petitioner claims "the State created an impediment to filing . . . by providing a record containing extrinsic fraud." Doc. 19 at 13. Petitioner's theory of extrinsic fraud has no merit, and the undersigned is not persuaded by his related assertion that the Amended Petition is timely under § 2244(d)(1)(B).

### 2.    Violation of Rule 15 stay

Petitioner also argues that, on February 17, 2026, he moved to disqualify the Chief Judge of the District Court of Oklahoma County, which under court rules "triggered a mandatory stay of all proceedings in the trial court." Doc. 20 at 1. Petitioner asserts the Oklahoma County trial judge "bypassed the stay to issue an adverse order," thus "demonstrat[ing] that the trial court is operating without legal authority." *Id.* Petitioner cites both the February 24, 2026, order denying postconviction relief, and a March 3, 2026,

10

order denying appointment of counsel, as evidence of violation of the stay.  Doc. 19 at 13; Doc. 20 at 1, 3; *see also* Doc. 19-2 at 55-57 (Ex. V3).

Based on these allegations, Petitioner claims his Amended Petition is timely because the factual predicate for Ground One was "the Rule 15 stay violation," which "could not have been discovered through due diligence until 2026."  Doc. 19 at 13.  Petitioner also asserts "the State created an impediment to filing by striking my Nunc Pro Tunc motions while a mandatory Rule 15 stay was in effect."  *Id*.

### a.      28 U.S.C. § 2244(d)(1)(D)

With respect to § 2241(d)(1)(D), Petitioner asserts his Amended Petition is timely because "the Rule 15 stay violation could not have been discovered through due diligence until 2026."  *Id*.  However, Petitioner presents no cogent argument that the alleged violation from 2026 is the factual predicate of any claim or claims relating to challenging the sentence imposed in 2007.  *See* 28 U.S.C. § 2244(d)(1)(D) (the one-year clock begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").  Instead, he argues that the alleged violation establishes he need not exhaust his extrinsic fraud claims as "there is an absence of available State corrective process or the process is ineffective to protect the rights of the applicant."  Doc. 20 at 1 (citation modified); *accord id.* at 3-7.  An argument on the futility of exhaustion, though, does not establish a factual predicate for any of his claims.  *See generally* 28 U.S.C. § 2254(b)(1) (setting forth exhaustion of state court remedies as a procedural requirement for review of federal habeas petitions).  Accordingly, the

undersigned is not persuaded by Petitioner's assertion that the Amended Petition is timely under § 2244(d)(1)(D) and his theory of a Rule 15 stay violation.

### b.     28 U.S.C. § 2244(d)(1)(B)

With respect to § 2244(d)(1)(B), Petitioner asserts "the State created an impediment to filing by striking my Nunc Pro Tunc motions while a mandatory Rule 15 stay was in effect."  Doc. 19 at 13.  The Nunc Pro Tunc motions Petitioner references are the "approximately eighty-five (85) related post-conviction filings," plus "an additional nine (9) pleadings" he filed between October 14, 2025, and February 24, 2026.  Doc. 19-2 at 56 (Ex. V3).  The Oklahoma County district court struck all of the filings for noncompliance with procedural requirements, and additionally denied relief because all of the filings were time-barred.  *Id*. at 55-57 (Ex. V3).

> Section 2244(d)(1)(B) provides an exception to the general rule that the one-year statute of limitations for filing a § 2254 habeas petition begins to run from the date the petitioner's conviction becomes final by the conclusion of direct review.  This exception occurs when the state creates an impediment which prevents the petitioner from filing his petition on time.  In such circumstances, the statute of limitations does not begin to run until the impediment is removed.

*Nguyen v. Golder*, 133 F. App'x 521, 523 (10th Cir. 2005).  Here, as discussed above, Petitioner's one-year time period for filing his petition concluded on December 4, 2008.  Anything the State did in 2026 could not have "create[d] an impediment which prevent[ed] the petitioner from filing his petition on time."  *Id.*  Accordingly, the undersigned is not persuaded by Petitioner's claim that his Amended Petition is timely under § 2244(d)(1)(B) and his theory of a Rule 15 stay violation.

### 3.    Tolling

Petitioner further argues his Amended Petition is timely because he "diligently pursued [his] rights by filing for extraordinary relief in the Oklahoma Court of Criminal Appeal (MA-2026-192). This petition is filed within one year of the date these new facts became discoverable." Doc. 19 at 13-14. The undersigned understands the reference to "new facts" to be to the alleged backdating of the Waiver of Statutory Prohibition. As set forth above, the undersigned finds there was no backdating and, therefore, no new facts.

Additionally, Petitioner's petition for writ of mandamus and/or prohibition, filed on March 23, 2026, did not operate to statutorily toll the one-year clock. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Nor is Petitioner entitled to equitable tolling, as that is only available "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation modified). Equitable tolling is available only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation modified). It is a petitioner's burden to establish that equitable tolling applies, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), which he must do with "specific facts," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Petitioner has not done so here.

Accordingly, the undersigned is not persuaded by Petitioner's assertion that his Amended Petition is timely because he is entitled to statutory or equitable tolling.

### C.    Conclusion

Petitioner has not established "an exception to the general rule that the one-year statute of limitations for filing a § 2254 habeas petition begins to run from the date the petitioner's conviction becomes final by the conclusion of direct review." *Nguyen*, 133 F. App'x at 523.  As such, Petitioner's federal habeas petition was due by December 4, 2008. *See* 28 U.S.C. § 2244(d)(1)(A).  Because Petitioner did not file his original petition until March 27, 2026, it was untimely.

The undersigned therefore recommends the Amended Petition be dismissed as time-barred under AEDPA's statute of limitations.  Further, "the Tenth Circuit recognizes that untimely habeas petitions should be dismissed with prejudice." *McDade v. Pettigrew*, No. CIV-22-00845-JD, 2022 WL 17345793, at *1 n.1 (W.D. Okla. Nov. 30, 2022) (collecting cases); *see also McDowell v. Zavaras*, 417 F. App'x 755, 757 (10th Cir. 2011) (treating a habeas petition that "was denied as time-barred" as a dismissal "on the merits").

## IV.    Pending Motions

Petitioner has also filed numerous motions.  Docs. 8, 17, 23, 24, 27, 28, 30. Adoption of this Report and Recommendation would moot the pending motions.

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Amended Petition, Doc. 19, with prejudice as time-barred.  Petitioner is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of this Court not later than June 12, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of

14

the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of May, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE