**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLDTON WILLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00633-JD |
| | ) | |
| CASEY HAMILTON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States

Magistrate Judge Chris M. Stephens. [Doc. No. 33]. For the reasons outlined below, the

Court accepts the R. & R.

## I.     BACKGROUND

Petitioner, proceeding pro se, filed a petition for habeas corpus under 28 U.S.C.

§ 2254, challenging his state court sentence in case number CF-2005-3825, in the District

Court of Oklahoma County, Oklahoma. [Doc. No. 1]. The Court referred the case to

Judge Stephens for preliminary review consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

[Doc. No. 3]. Pursuant to Judge Stephens's order,[1] Petitioner filed an Amended Petition and supporting brief. [Doc. Nos. 11, 19, 20].[2]

The R. & R. outlined the relevant background of this case as follows.

On November 21, 2007, the District Court of Oklahoma County held a hearing at which Petitioner entered guilty pleas to three criminal counts in case number CF-2005-3825. [Doc. No. 19-2 at 1–11].[3] Petitioner, his counsel, the Assistant District Attorney, and the Oklahoma County trial judge discussed (1) the charged crimes were "85 percent crimes"; (2) pursuant to the plea agreement, his sentence would be for "50, 25 in and 25 out"; and (3) his multiple prior convictions. [*Id.* at 3–8]. At the hearing, Petitioner was sentenced to three 50-year terms "to be suspended, except for the first twenty-five (25) years in the custody and control of Oklahoma Department of Corrections, the remainder to be suspended pursuant to the rules and conditions of probation entered by the Court." [*Id.* at 12]. On the day of the hearing, the Assistant District Attorney moved for a waiver

---

[1] In Judge Stephens's order to cure deficiencies, he warned Petitioner that the Court would not examine multiple documents and their attachments "to piece together Petitioner's claims." [Doc. No. 11 at 1]. Consequently, the R. & R. examined only the Amended Petition as the operative petition in this habeas action. [*See* Doc. No. 33 at 1 n.2; *see also* Doc. No. 11 at 2 ("The amended petition will replace the original Petition and become the operative petition. . . . The Court will consider only the claims and allegations in the amended petition and will not consider claims, factual allegations, or other information provided in any of the earlier documents." (citation omitted)); *see also id.* at 4 ("Additionally, the Court cautions Petitioner that . . . he will not be permitted to supplement the operative petition without leave of the Court.")].

[2] When Petitioner filed the Amended Petition, he named Casey Hamilton as Respondent, which terminated Justin Farris on the Court's docket.

[3] The Court uses the page numbers from the CM/ECF stamp at the top of the filing on this Court's docket.

of the statutory prohibition of imposing a suspended sentence in certain instances, which the trial judge granted. [*Id.* at 19]; *see also* 22 Okla. Stat. § 991a(C). The motion specified the state's request to waive the prohibition on suspended sentences was "pursuant only to the plea agreement of 25 in/25 out." [Doc. No. 19-2 at 19]. Petitioner did not timely move to withdraw his guilty plea.

On April 13, 2009, Petitioner filed a pro se application for appeal out of time, and on April 23, 2009, a pro se application for postconviction relief. [*Id.* at 90]. On July 29, 2009, the district court denied relief. [*Id.* at 89–96]. On October 22, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial. [*Id.* at 97–101].

Then, between October 14, 2025, and January 28, 2026, Petitioner "filed approximately eighty-five (85) related post-conviction filings," plus "an additional nine (9) pleadings" before February 24, 2026. [Doc. No. 19-2 at 56; *see also id.* at 28–29]. On February 24, 2026, the Oklahoma County District Court denied relief; and on March 24, 2026, the OCCA dismissed Petitioner's related pro se request for a writ of mandamus on the grounds that "the District Court fully adjudicated Petitioner's complaints regarding the pending matters in this case." [*Id.* at 55–57, 70]. On April 10, 2026, the OCCA denied Petitioner's motion for rehearing. [*Id.* at 67–69].

On March 23, 2026, Petitioner filed a petition for writ of mandamus and/or prohibition. [Doc. No. 19 at 4; Doc. No. 19-2 at 74]. On April 15, 2026, the OCCA declined jurisdiction on procedural grounds. [Doc. No. 19-2 at 75].

Judge Stephens conducted a preliminary review of Petitioner's Amended Petition. [*See* Doc. No. 33 at 2 ("Rule 4 of the Rules Governing Section 2254 Cases in the United

3

States District Courts requires the Court promptly to conduct a preliminary review of habeas petitions.")]. The R. & R., sua sponte, considered the timeliness of Petitioner's petition. [*See id.*]. The R. & R. concluded that Petitioner's conviction became final on December 3, 2007, and that Petitioner's one-year clock to file a federal habeas petition began the next day. [*Id.* at 5–6]. Accordingly, Petitioner's deadline to file a federal habeas petition was December 4, 2008, under 28 U.S.C. § 2244(d)(1)(A). [*Id.* at 6]. Petitioner did not file his petition until March 27, 2026. [*Id.*].

The R. & R. examined Petitioner's claim that his petition was timely due to extrinsic fraud under 28 U.S.C. § 2244(d)(1)(B) and (D). [*See id.* at 6]. Petitioner alleged that the state court backdated the Waiver of Statutory Prohibition of Imposing Suspended Sentence Pursuant to Title 22, § 991(a)(C). [*Id.* at 7]. The R. & R. thoroughly examined the arguments and determined that Petitioner's contentions did not justify the application of 28 U.S.C. § 2244(d)(1)(B) or (D) to trigger the limitations period. [*See id.* at 6–10]. The R. & R. also rejected Petitioner's allegations that his February 17, 2026 motion to disqualify the Chief Judge of the District Court of Oklahoma County and the Oklahoma County district court's order striking Petitioner's state court filings triggered the limitations period under § 2244(d)(1)(B) or (D). [*See id.* at 10–12]. The R. & R. explained that Petitioner had failed to explain how the 2025–2026 state court proceedings affected his ability to file a habeas petition in 2008. [*Id.* at 11–12]. Lastly, the R. & R. concluded that Petitioner was not entitled to statutory or equitable tolling. [*Id.* at 13].

The R. & R. advised Petitioner of his right to object by June 12, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the

4

factual and legal issues in the R. & R. [*Id.* at 14–15]. Petitioner filed multiple objections to the R. & R. [*See, e.g.*, Doc. Nos. 37, 42, 45, 49].[4] While a party may serve and file written objections, neither the statute nor rule indicates that a party may file multiple sets of objections to a report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Rather than examining that issue or considering if the later objections would amend and supersede the prior objections, the Court has considered Petitioner's objections.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

## II.    ANALYSIS

Because the R. & R. concluded that Petitioner's case is time-barred, the Court must consider whether anything in Petitioner's objections serves as a ground for

---

[4] In a later filing, Petitioner states that his objections are "identical in text and substance," that "[t]hey represent the exact same core document: Petitioner's Second Amended Objections to the Magistrate Judge's Report and Recommendation," which is represented as [Doc. No. 49] on the Court's docket, and that "[r]eading one satisfies the review of all three." [Doc. No. 67 at 1].

application of a different limitations period under § 2244(d)(1) or tolling. In the absence of allegations that trigger a different limitations period or tolling of the limitations period, the Court cannot properly consider the substance of Petitioner's Amended Petition because it would be untimely.

Section § 2244(d)(1) provides that a one-year limitations period shall apply to a petition for writ of habeas corpus, and the date shall run from the latest of the following:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the R. & R. calculated the limitations period from the date the judgment became final. [Doc. No. 33 at 5–6, 14 (applying 28 U.S.C. § 2244(d)(1)(A)]. Accordingly, to receive the benefit of a later date triggering the one-year period, the R. & R. examined whether any of the facts pled by Petitioner constituted grounds for the application of § 2244(d)(1)(B) or (D).

The R. & R. examined whether Petitioner's allegations of extrinsic fraud triggered either provision. Petitioner argues that the R. & R. cannot use the judgment against him as a trigger of the one-year time period to file a habeas petition because that judgment

was void ab initio as violative of Oklahoma's statutory prohibition on a suspended sentence for a defendant with two or more prior felonies. [Doc. No. 49 at 1]. Petitioner claims that the State attempted to cure this issue by executing a Waiver of Statutory Prohibition but that it was filed on December 3, 2007, a date upon which Petitioner argues he has demonstrated he could not have been in court to execute the Waiver. [Doc. No. 33 at 6–7]. Accordingly, Petitioner asserts that the waiver was fraudulently backdated to November 21, 2007. [*Id.* at 7]. The R. & R. examined the Waiver and the corresponding docket entry showing it was filed in the case management system on December 3, 2007, and concluded that the discrepancy between the date of execution within the document and the date of filing in the case management system did not evidence extrinsic fraud. [*Id.* at 9–10].

The Court agrees and concludes this is not evidence of extrinsic fraud sufficient to invoke either § 2244(d)(1)(D) or § 2244(d)(1)(B). Moreover, even if these allegations did evidence fraud, Petitioner has not explained how these allegations serve as an "impediment to filing an application" under § 2244(d)(1)(B) or how he could not have discovered this factual predicate sooner through the exercise of due diligence under § 2244(d)(1)(D). He states that "the state actors actively concealed the ex parte nature of the form," but he does not explain how. [*See* Doc. No. 49 at 2]. Accordingly, the Court concurs with the R. & R. that Petitioner's arguments regarding extrinsic fraud are not sufficient grounds for the application of either § 2244(d)(1)(D) or § 2244(d)(1)(B) to calculate the limitations period.

The R. & R. also examined whether Petitioner's allegations regarding the recent state court proceedings justify the application of either § 2244(d)(1)(D) or § 2244(d)(1)(B). Petitioner alleges that Judge Lydia Green violated a stay resulting from Petitioner's state court motion to disqualify. [*Id.*]. However, as discussed by the R. & R., Petitioner has failed to explain how any of the state court's rulings in 2026 affected his ability to timely file his habeas petition related to his 2007 conviction. [*See* Doc. No. 33 at 11–12]. None of Petitioner's allegations regarding the state court proceedings justify the application of § 2244(d)(1)(D) or § 2244(d)(1)(B) to allow Petitioner a later trigger-date of the one-year period to file his habeas petition.

The R. & R. also correctly determined that Petitioner has not alleged facts that justify tolling. [Doc. No. 33 at 13]. As outlined in the R. & R., Petitioner has not alleged facts to justify statutory tolling, nor has Petitioner alleged facts to justify equitable tolling. [*See id.*]. Petitioner has not pled facts demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." [*Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)].

Besides Petitioner's objections pertaining to extrinsic fraud or the R. & R.'s consideration of the state court proceedings, the remainder of Petitioner's objections are regarding the R. & R.'s failure to address the substantive allegations of his Amended Petition. However, considering the R. & R.'s conclusion that Petitioner's petition is time-barred, the R. & R. properly did not address the substance of Petitioner's Amended Petition.

Petitioner also challenges the R. & R.'s application of the habeas rules. Specifically, Petitioner claims that the recommended dismissal, done without hearing from Respondent, causes the Court to function as an "advocate for the State rather than an impartial tribunal." [Doc. No. 49 at 4]. But, as noted in the R. & R. [*see* Doc. No. 33 at 2], the habeas rules and Supreme Court and Tenth Circuit precedent require the Court to promptly examine a habeas petition. And if it appears from such review that the petitioner is not entitled to relief (such as because the petition is untimely), the Court must dismiss the petition. Upon its de novo review, the Court concludes that the R. & R. properly screened the Petition for timeliness. For the same reasons, the R. & R. does not manifest error by failing to allow discovery or inspection. [*See* Doc. No. 49 at 4].

Finally, Petitioner objects to the R. & R.'s recommendation that the Court deny a number of Petitioner's motions as moot in light of the R. & R.'s recommendation to dismiss his Amended Petition. [Doc. No. 49 at 2]. The noted motions and notices are Doc. Nos. 8, 17, 23, 24, 27, 28, 30. [*See* Doc. No. 33 at 2, 14]. Through the Amended Petition and multiple objections to the R. & R., Petitioner has had an avenue to present his claims to the Court. Because the Court concludes that Petitioner's petition is time-barred, the motions and notices, which all seek relief related to Petitioner's habeas petition, are now moot.

## III.    **CONCLUSION**

For the reasons outlined above, the Court ACCEPTS the Report and Recommendation. [Doc. No. 33]. Accordingly, the Court DISMISSES with prejudice Petitioner's Amended Petition. [Doc. No. 19]. The Court also denies all remaining

motions or requests of the Court as moot considering the dismissal. [*See, e.g.*, Doc. Nos. 8, 13, 14, 16, 17, 23, 24, 25, 27, 28, 30, 35, 36, 41, 44, 46, 48, 53, 56, 57, 60, 61, 62, 63, 65, 66]. The Court denies a certificate of appealability.[5] A separate judgment will follow.

IT IS SO ORDERED this 29th day of June 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).